# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TREMAYNE PERKINS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00649 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE (DIRECTOR)** | ) | By: James P. Jones |
| **DEPT. OF CORRECTIONS (VIRGINIA),** | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Tremayne Perkins, Pro Se Petitioner; Craig W. Stallard, Office of the Attorney General, Richmond, Virginia, for the Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Tremayne Perkins, a Virginia inmate, contends that his state convictions and sentence violate the Constitution. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because the claims raised in the petition are procedurally defaulted and barred from federal habeas review.

I.

A jury found Perkins guilty of second-degree murder and the use of a firearm in the commission of a murder. Perkins pleaded guilty in a separate proceeding to possession of a firearm by a convicted felon. In a unified sentencing proceeding, the state trial court sentenced Perkins to a total of 38 years in prison, in

accordance with the verdict of the jury. Judgment was entered on September 29, 2011.

Perkins' appeals to the Court of Appeals of Virginia (Record No. 2023-11-3) and the Supreme Court of Virginia (Record No. 121125) were unsuccessful. Perkins did not file a petition for a writ of certiorari in the United States Supreme Court. On December 3, 2013, Perkins filed a petition for a writ of habeas corpus in the City of Martinsville Circuit Court. (Case No. CL14000026-01.) The circuit court dismissed this petition as without merit on September 23, 2015. The state court record does not indicate that Perkins filed a notice of appeal of his habeas action to the Supreme Court of Virginia.

The present § 2254 petition was signed and dated on October 22, 2015,[1] alleging these grounds for relief: (1) The petitioner's due process rights were violated (A) when a member of the jury did not disclose that she was related by marriage to the victim; (B) when the court imposed the sentence recommended by the jury that was greater than the guidelines; and (C) "unprofessional intoxicated bystanders tampered with the evidence at the scene and relocated the decedent['s] body"; (2) Counsel was ineffective for (A) failing to impeach the Commonwealth's witness, Tonya Coles; (B) failing to impeach the Commonwealths' witness,

---

[1] Perkins originally filed his petition in the United States District Court for the Eastern District of Virginia. It was transferred here because the state court that imposed the judgment under challenge is located in this district.

-2-

Case 7:15-cv-00649-JPJ-RSB   Document 17   Filed 06/06/16   Page 2 of 6   Pageid#: 81

Devane Reynolds, and to move to strike his testimony; (C) failing to request a self-defense instruction to the jury; and (D) failing to provide the petitioner with his file pursuant to Rule 1:16(e); and (E) Counsel was ineffective "due to the cumulative effect of his deficiency," including counsel's failing to move to strike for cause the juror who was related to the victim. (Pet. 20, 25, ECF No. 1.)

The respondent has moved to dismiss Perkins' § 2254 petition as procedurally defaulted. Perkins did not respond to the Motion to Dismiss, and the time allotted for him to do so has elapsed. Therefore, I find the matter ripe for consideration.

## II.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)) *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (requiring proper exhaustion in the highest state court). If a state court expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal habeas version of that claim is also procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Similarly, "when it is clear

that the state law would bar state review, exhaustion is not required, and federal review is precluded." *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990) (applying rule from *Teague v. Lane*, 489 U.S. 288, 298-99 (1989))

Perkins did not present any of his current claims to the Supreme Court of Virginia on direct appeal. He included the current claims in his habeas petition in the circuit court, but offers no evidence that he properly filed and pursued an appeal of these claims in the Supreme Court of Virginia.[2] *See, e.g., Williams v. Landon*, 336 S.E.2d 907, 908 (Va. App. Ct. 1985) (dismissing habeas appeal because notice of appeal was not filed within mandatory 30-day period after circuit court's final order). Thus, I find that Perkins failed to pursue an available state court remedy as required for proper exhaustion under § 2254(b).

Because it is clear that state law would now bar review of the merits of Perkins' habeas claims, further exhaustion in state court is not required. However, I must consider Perkins' claims to be both exhausted and procedurally defaulted. *Bassette*, 915 F.2d at 937. All of Perkins' habeas claims are based on facts known

---

[2] After this court notified Perkins that court records online did not indicate any habeas appeal in this case, he submitted a document titled "Notice of Appeal." (Resp. 2, ECF No. 6.) This notice, purportedly signed and dated on September 2, 2015, states: "The plaintiff, Tremayne Perkins, hereby gives notice of appeal to the Supreme Court of Virginia from the final judgment order of [the circuit court] entered on the 1st day of September, 2015. . . ." (*Id.*) Perkins alleges that he mailed the Notice of Appeal "on September 3, 2015, to the Supreme Court of Virginia for the Eastern District." (*Id.* at 1.) The circuit court's final order in Perkins' habeas case, however, was dated September 23, 2015, and the circuit court file does not indicate that Perkins filed a timely notice of appeal from that final order with that court as Virginia appellate procedure requires.

-4-

to him when he pursued his state habeas petition in the circuit court. If he now attempted to present these claims to the Supreme Court of Virginia in a habeas petition, that court would find them barred by the clear language of Va. Code Ann. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). The United States Court of Appeals for the Fourth Circuit has held that a petitioner's default under this state rule barring successive petitions is sufficient to bar federal habeas review as well. *Bassette*, 915 F.2d at 937.

I may review the merits of Perkins' procedurally defaulted claims only if he "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To show cause for his procedural defaults, Perkins must identify "something external to the petitioner, something that cannot fairly be attributed to him [that] . . . impeded [his] efforts to comply with the State's procedural rule." *Id.* at 753 (internal quotation marks and citations omitted). The fundamental miscarriage of justice exception to the cause requirement is a narrow one. To open this procedural gateway to secure the adjudication of his otherwise procedurally defaulted claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not

-5-

presented at trial. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Perkins makes no showing overcoming his procedural default.

III.

For the stated reasons, I will grant the Motion to Dismiss and dismiss Perkins' claims as procedurally defaulted and barred from federal habeas review.

A separate Final Order will be entered herewith.

DATED: June 6, 2016

/s/  James P. Jones
United States District Judge